UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN BONAZZA,<br><br>    Plaintiff,<br><br>    v.<br><br>MUFG UNION BANK,<br><br>    Defendant. | Case No. 23-cv-01161-JCS<br><br>**ORDER RE REVIEW UNDER 28 USC § 1915 AND ORDERING SERVICE BY U.S. MARSHAL** |

This case was transferred to this District from the District of Hawaii under 28 U.S.C. § 1406(a). Because the Hawaii court granted Plaintiff's in forma pauperis application and conducted only a limited review of the complaint addressing whether venue in that court was proper, this Court must conduct a review of the merits of Plaintiff's complaint to determine whether it contains claims that (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

As stated in the Hawaii court's March 8, 2023 Order to Show Cause, the allegations in the Complaint are as follows:

> According to the Complaint, Plaintiff was temporarily hired under contract by Defendant, a financial institution located in Oakland, California, for work performed between June 2022 and September 2022 ("2022 contract"). ECF No. 1. Plaintiff alleges he was subject to discrimination when Defendant decided not to exercise an option in the 2022 contract to extend permanent employment to him because he is a white male and was "effectively told that jobs which are long-term and above the cost of living are being reserved for women and minorities."

Dkt. 11 at 3-4. That court "construe[d] the Complaint to assert claims of employment discrimination under Title VII of the Civil Rights Act of 1964 based on a failure to

hire." *Id.* The undersigned agrees. Further, based on the EEOC charge and right-to-sue letter attached to the Complaint, it appears that Plaintiff has exhausted his administrative remedies by filing a timely charge with the EEOC alleging race and sex discrimination based on Defendant's failure to offer Plaintiff a permanent position in June of 2022, which is the conduct at issue in Plaintiff's complaint. Therefore, without prejudice to any challenge to Plaintiff's complaint that Defendant may bring in a duly noticed motion to dismiss, the Court finds Plaintiff's claim is sufficient to survive initial review under 28 U.S.C. § 1915(e)(2)(B). **The Clerk is instructed to issue summons and the United States Marshal is ORDERED to serve on Defendant the Complaint and summons, along with a copy of this Order.**

**The Court FURTHER ORDERS that Plaintiff shall file no further documents in this case unless he has a reasonable and good faith belief that the document is permitted under the Federal Rules of Civil Procedure and the Civil Local Rules of this Court.** Plaintiff has filed ten documents in the last week, with titles such as "My initial reaction to Microsoft desktop automation technology" (dkt. 23), "Initial reaction to Microsoft desktop automation technology and news commentary related to equity" (dkt. 24), "Justification for a 2 million dollar settlement" (dkt. 26), "Justification for a 2.8 million dollar settlement" (dkt. 27), "Justification for a 3 million dollar settlement" (dkt. 28), and "Communication with the bank about Microsoft Desktop more fun (emails)" (dkt. 29). To the extent these filings contain arguments and evidence in support of Plaintiff's claims, they are premature at this stage of the case. **Failure to comply with this order will be grounds for the imposition of sanctions and may result in the revocation of Plaintiff's ECF filing privileges.**

**IT IS SO ORDERED.**

Dated: April 10, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge