United States District Court<br>Northern District of California

1
2
3
4        UNITED STATES DISTRICT COURT
5        NORTHERN DISTRICT OF CALIFORNIA
6
7    MICHAEL ALAN BONAZZA,

     Plaintiff,

     v.

     MUFG UNION BANK, et al.,

     Defendants.

Case No. 23-cv-01161-JCS

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**

Re: Dkt. No. 63

Plaintiff has filed a motion with the caption "Motion to Continue to Trial Uninterrupted." Dkt. no. 63. In it, Plaintiff asks the Court to appoint counsel to represent him. Accordingly, the Court construes the motion as a request for the appointment of pro bono counsel. That request is DENIED.

There is no right to counsel in a civil case. However, under 28 U.S.C. § 1915(e)(1), the Court is authorized to appoint an attorney to represent any person unable to afford counsel under "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). To appoint counsel under this section, the Court must find that a party is unable to afford counsel, that is, that they qualify for in forma pauperis status, and that they meet the "exceptional circumstances" requirement. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate [their] claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before

reaching a decision on request of counsel under section 1915(d).[1]" *Id.*

This Court has already found that Plaintiff qualifies for in forma pauperis status, satisfying the financial need aspect of the Court's analysis. Therefore, the remaining and dispositive question regarding Plaintiff's motion for appointment of counsel is whether there are "exceptional circumstances" to warrant the appointment of counsel. At this early stage of the case, it is not clear whether Plaintiff has stated any viable claims and if he has, whether those claims have substantive merit. The Court also cannot determine whether the appointment of counsel might be warranted based on the complexity of the legal or factual issues raised in the case. Therefore, Plaintiff's motion for appointment of counsel is DENIED without prejudice to renewing the request at a later stage of the case.

**IT IS SO ORDERED.**

Dated: July 5, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[1] While *Wilborn* cites to requests for counsel under "Section 1915(d)", the 1996 amendments to this section redesignated former subsection (d) as subsection (e). H.R. 3019, 104th Cong. (1996).