UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN BONAZZA,<br>　　　　Plaintiff,<br>　　v.<br>MUFG UNION BANK, et al.,<br>　　　　Defendants. | Case No. 23-cv-01161-JCS<br><br>**ORDER STRIKING DOCUMENTS AND INSTRUCTING CLERK TO REJECT FILINGS FROM MR. BONAZZA PENDING FURTHER ORDER OF THE COURT**<br><br>Re: Dkt. Nos. 80, 81 |

In light of Plaintiff's repeated filing of unauthorized documents in this case, the Court has ordered that any document Plaintiff files must cite to one of the following sources of authority permitting the filing: 1) a rule of the Federal Rules of Civil Procedure (e.g., Rule 12(b)(6), Rule 56); 2) a rule of the Northern District of California's Civil Local Rules (e.g. Civil Local Rule 7, setting deadlines for motions and responsive briefs); or 3) an Order of this Court (e.g. a case management order, such as docket no. 35, requiring that the parties file a case management statement). See dkt. no. 66.

Docket nos. 80 and 81 are captioned as summary judgment motions and include a reference to Rule 56 of the Federal Rules of Civil Procedure, but the documents do not comport with the standards governing summary judgment motion. These standards were explained to Plaintiff in the Court's July 3, 2023 Notice Regarding Summary Judgment Motions, dkt. no. 62. In particular, docket no. 80 includes requests for discovery (which are improper for the reasons set forth in the Court's July 18, 2023 Order), followed by questions and ruminations about the merits of Plaintiff's case; docket no. 81 is a three-page documents with further discussion of the merits of Plaintiff's case.  Neither document asserts that the undisputed facts of the case establish that

Plaintiff is entitled to prevail on any of his claims as a matter of law. Therefore, the Court concludes that docket nos. 80 and 81 are not authorized under any of the sources of authority set forth in docket no, 66. Accordingly, docket nos. 80 and 81 are STRICKEN.

Plaintiff has ignored the Court's repeated warnings and continues to engage in abusive litigation tactics, filing several improper documents and motions every day that must be manually docketed by the Clerk's Office and reviewed by the Court. These filings are imposing a significant burden on Defendant and the Court, and this burden is at the expense of other litigants with pending cases before the undersigned. **Therefore, pending further order of the Court, no further filings from Plaintiff will be accepted from Plaintiff except ONE case management statement prior to the September 15, 2023 scheduled case management conference**. At the September 15, 2023 Case Management Conference, the Court will address Plaintiff's misconduct and what filings will be accepted from him going forward.

**IT IS SO ORDERED.**

Dated: July 28, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge

2