UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN BONAZZA,<br><br>    Plaintiff,<br><br>v.<br><br>MUFG BANK, LTD.,<br><br>    Defendant. | Case No. 23-cv-01161-JCS<br><br>**ORDER DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTIONS**<br><br>Re: Dkt. Nos. 109, 111 |

Plaintiff has filed three summary judgment motions in this case. *See* docket nos. 108, 109 and 111. The Court has already denied one of these motions (docket no. 108) as moot because it is identical to a subsequent motion (docket no. 109). The Court now denies the two remaining summary judgment motions ("Motions"). In docket no. 109, Plaintiff has filed a one-page motion stating as follows:

> Plaintiff is asking the court for summary judgment in Plaintiff[']s favor in the amount of 6,918,000 dollars, which represents 2.9 Million dollars in lost wages based on the plaintiff[']s 2022 contract, 2.5 Million dollars in incremental FP + A for discretionary performance, 1.2 Million dollars for distress caused by this case and 318,000 for back pay based on the expected trial timeline.

Docket no. 109. No supporting brief was filed; nor did Plaintiff offer any evidence to support his request for summary judgment. The motion in docket no. 111, which was filed four days after docket no. 109, is virtually the same as docket no. 109 except that the dollar amounts have been slightly increased. Again, no legal brief or evidence was filed in support of the motion.

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-

1 moving party's claim, or to a defense on which the non-moving party will bear the burden of
2 persuasion at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The legal standards and
3 requirements for filing or opposing summary judgment are described in detail in the Court's
4 Notice Regarding Summary Judgment Motions, which the Court issued at the outset of this case
5 because Plaintiff is proceeding pro se.  *See*  docket no. 62.

6       In his complaint, Plaintiff alleges that Defendant failed to extend his employment contract
7 because of his gender (male) and race (Caucasian).  The Court construed his complaint as
8 asserting a discrimination claim under Title VII of the Civil Rights Act of 1964.  *See* docket no.
9 30.  To prevail on that claim, Plaintiff must establish that Defendant's failure to hire him was the
10 result of discriminatory intent by: 1) producing direct or circumstantial evidence demonstrating
11 that a discriminatory reason more likely than not motivated Defendant; or 2) raising an inference
12 of discriminatory intent under the burden-shifting framework of *McDonnell Douglas Corp. v.*
13 *Green*, 411 U.S. 792 (1973).  On summary judgment, the Court must determine whether there is a
14 triable issue of fact as to either of these issues.  Having failed to address his specific claim or offer
15 any evidence or argument related to that claim, Plaintiff has not established that he is entitled to
16 summary judgment based on the undisputed facts.

17       The Motions are DENIED.
18       **IT IS SO ORDERED.**

20 Dated: May 29, 2024

                                            JOSEPH C. SPERO
                                            United States Magistrate Judge

United States District Court
Northern District of California